# UNITED STATES BANKRUPTCY COURT
## FOR THE
## WESTERN DISTRICT OF KENTUCKY
## AT LOUISVILLE

IN RE:                                              )
                                                    )
**FRANKLIN CAREER SERVICES, INC.,**                 )
**fdba FRANKLIN CAREER SERVICES, LLC,**             )     CASE NO.  06-30010
**fdba DDH, Inc.**                                  )
                                                    )
        DEBTOR.                 )
_____)
                                                    )
**JOHN R. WILSON, TRUSTEE**                         )
                                                    )
        PLAINTIFF               )
                                                    )
        V.                      )     ADV. NO.  _____
                                                    )
**CAPITAL STEEL VENTURES, Inc.**                    )
**SERVE:**                                          )     **COMPLAINT FOR**
**Hon. William W. Lawrence, Trustee**               )     **CORPORATE MALFEASANCE**
**300 Legal Arts Bldg.**                            )     **AND TO AVOID**
**200 S. Seventh Street**                           )     **FRAUDULENT AND**
**Louisville, KY 40202**                            )     **PREFERENTIAL TRANSFERS**
                                                    )
**GERALD M. WOODCOX**                               )
**14800 Forest Oaks Dr.**                           )
**Louisville, KY  40245**                           )
**SERVE:  SAME AS ABOVE**                           )
                                                    )
**VICKI WOODCOX**                                   )
**4112 Dolphin Road**                               )
**Louisville, KY 40220**                            )
**SERVE:  SAME AS ABOVE**                           )
                                                    )
**JEFFREY A. WOODCOX**                              )
**1456 Paramont Drive # 3A**                        )
**Huntsville, AL 35806**                            )
**SERVE:  SAME AS ABOVE**                           )
                                                    )
**KERRY WOODCOX**                                   )
**15603 Beckley Crossing Dr.**                      )
**Louisville, KY  40245**                           )
**SERVE:  SAME AS ABOVE**                           )

1

PAUL WOODCOX )
SERVE: )
Okolona Auto Mart )
6913 Shepherdsville Rd. )
Louisville, KY  40219 )
 )
ELIZABETH WOODCOX )
9917 Lancewood Rd. )
Louisville, KY  40229 )
SERVE:  SAME AS ABOVE )
 )
MICHAEL MOBLEY )
9902 Glenda Court )
Louisville, KY  40223 )
SERVE:  SAME AS ABOVE )
 )
DAVID B. PAINE )
6000 Glen Maple Ct. )
Crestwood, KY  40241 )
SERVE:  SAME AS ABOVE )
 )
DEAN JENKINS )
SERVE: )
Education Resources, LLC )
1456 Paramount Drive # 3A )
Huntsville, AL 35806 )
 )
ROBERT BEASLEY )
2170 N. Ocean Blvd. )
Townhouse #2 )
Fort Lauderdale, FL  33305 )
SERVE:  SAME AS ABOVE )
 )
JOE FILAR )
3812 Woodmount Park Ln. )
Louisville, KY  40245 )
SERVE:  SAME AS ABOVE )
 )
CHARLES NICHOLS )
SERVE: )
Okolona Auto Mart )
6913 Shepherdsville Rd. )
Louisville, KY  40219 )
 )

```
LEO BOGARD                              )
SERVE:                                  )
Gulf Coast Dodge                        )
15565 S Tamiami Trail                   )
Fort Myers, FL 33908                    )
                                        )
JOE PETERS                              )
SERVE:                                  )
Galen Center                            )
1031 Zorn Ave.                          )
Suite 400                               )
Louisville, KY  40207                   )
                                        )
MARK VOGT                               )
SERVE:                                  )
Galen Center                            )
1031 Zorn Ave.                          )
Suite 400                               )
Louisville, KY  40207                   )
                                        )
JOHN NEWTON                             )
8620 Michael Ray Dr.                    )
Louisville, KY  40219                   )
SERVE: SAME AS ABOVE                    )
                                        )
                                        )
                    DEFENDANTS          )
_____)
```

## COMPLAINT

COMES NOW the Plaintiff, John R. Wilson, in his capacity as Trustee in Bankruptcy for Franklin Career Services, Inc., fdba Franklin Career Services, LLC, fdba DDH, Inc., by counsel, and for his Complaint herein pleads and states as follows:

## THE PARTIES

1. Franklin Career Services, Inc., fdba Franklin Career Services, LLC, fdba DDH, Inc. ("FCS") was a business corporation that filed a chapter 7 petition for relief January 4, 2006 in the United States Bankruptcy Court, Western District of Kentucky, case number 06-30010.

2. John R. Wilson was appointed interim trustee January 5, 2006, and is the duly appointed and acting Trustee in Bankruptcy for the Estate of Debtor Corporation FCS.

3. Capital Steel Ventures, Inc. was, at all relevant times hereto, the majority shareholder of FCS and filed a chapter 7 petition for relief March 10, 2006 in the United States Bankruptcy Court, Western District of Kentucky, case number 06-30523.

4. Gerald ("Jerry") Woodcox was, at all times relevant hereto, a Director and/or Officer of FCS, and a Director and/or Officer and joint shareholder of Capital Steel Ventures, Inc.

5. Vicki Woodcox was at all times relevant hereto, the wife of Gerald Woodcox, and an "insider" as defined by 11 USC §§ 101(31)(B)(vi), and (45).

6. Jeffrey ("Jeffrey" or "Jeff") Woodcox was, at all times relevant hereto, a Director and/or Officer of FCS, and a Director and/or Officer and joint shareholder of Capital Steel Ventures, Inc.

7. Kerry Woodcox was, at all times relevant hereto, the wife of Jeffrey Woodcox, and an "insider" as defined by 11 USC §§ 101(31)(B)(vi), and (45).

8. Paul Woodcox was, at all times relevant hereto, the brother of Gerald and Jeffrey Woodcox, former husband and child support obligor to Elizabeth Woodcox, and an "insider" as defined by 11 USC §§ 101(31)(B)(vi), and (45).

9. Elizabeth Woodcox was, at all times relevant hereto, the former wife and child support obligee of Paul Woodcox, and an "insider" as defined by 11 USC §§ 101(31)(B)(vi), and (45).

10.  Michael Mobley was, from about 2003 forward, the President of FCS.

11.  Dean Jenkins was, at all times relevant hereto, a Director and/or Officer of FCS.

12.  Robert Beasley was, at all times relevant hereto, a Director and/or Officer of FCS.

13.  Joe Filar was, at all times relevant hereto, a Director and/or Officer of FCS.

14.  Charles J. Nichols was, at all times relevant hereto, a Director and/or Officer of FCS.

15.  Leo Bogard was, at all times relevant hereto, a Director and/or Officer of FCS.

16.  Joe Peters was, at all times relevant hereto, a Director and/or Officer of FCS.

17.  Mark Vogt was, at all times relevant hereto, a Director and/or Officer of FCS.

18.  John Newton was, at all times relevant hereto, a Director and/or Officer of FCS.


## JURISDICTION

19.  Plaintiff hereby incorporates by reference paragraphs 1 through 18 above as if set forth fully herein..

20.  This Court has jurisdiction over this matter pursuant to the provisions of 28 USC § 1334.  Venue is proper pursuant to the provisions of 28 USC § 1409.  This is a core proceeding pursuant to 28 USC § 157(b)(2)(H).


## THE ACTION

21.  Plaintiff hereby incorporates by reference paragraphs 1 through 20 above as if set forth fully herein.

22.  This is an action in tort for corporate malfeasance; specifically, for breaches of fiduciary duties pursuant to KRS §§ 271B.6-400, 271B.8-300, 271B.8-420; and to avoid fraudulent and preferential transfers of property of the estate pursuant to KRS § 378.020,

378.050, *et seq.,* 11 §§ USC 541, 544, 547, and 550 to recover the same property or its equivalent value.

### COUNT I – DISREGARD OF CORPORATE IDENTITY/CORPORATE VEIL

23. Plaintiff hereby incorporates by reference paragraphs 1 through 22 above as if set forth fully herein.

24. At all times relevant hereto, the Defendant Capital Steel Ventures, Inc. was an alter ego or instrumentality for the Defendants Jerry and Vicki Woodcox, Jeffrey Woodcox and Kerry Woodcox, and served no other purpose than distributing assets belonging to FCS to friends and family members of the Defendants Jerry and Vicki Woodcox, and Jeffrey and Kerry Woodcox.

### COUNT II – DISREGARD OF CORPORATE IDENTITY/CORPORATE VEIL

25. Plaintiff hereby incorporates by reference paragraphs 1 through 24 above as if set forth fully herein.

26. At all times relevant hereto, "Toys III, LLC" was an alter ego or instrumentality for the Defendants Jerry and Vicki Woodcox, Jeffrey Woodcox and Kerry Woodcox, and served no other purpose than to provide a corporate identity for personal property used for the personal enjoyment and benefit of the same property; to wit, yachts, boats, and other personal property.

### COUNT III – BREACH OF FIDUCIARY DUTY OF CARE
### VIOLATIONS OF KRS §§ 271B.8-300, 271B.8-420

27. Plaintiff hereby incorporates by reference paragraphs 1 through 26 above as if set forth fully herein.

28. The Defendants Capital Steel Ventures, Inc., Gerald M. Woodcox, Jeffrey A. Woodcox, Robert Beasley, Joe Filar, Dean Jenkins, Charles Nichols, David Paine, Leo Bogard, Joe Peters, Mark Vogt, and John Newton, during their tenure as officers and/or directors of FCS, owed a duty of care to the corporation.

29. From around 1998 through the commencement of this Chapter 7 case, the Defendants engaged FCS in a sustained pattern of gross negligence by recruiting and inducing unemployed, illiterate, mentally defective, physically disabled, recidivist, and likewise unqualified persons to become FCS students and incur substantial tuition loan obligations at oppressive rates of interest without regard to the students' ability find employment from the education offered by FCS, or the ability to pay back loans on their pre-existing employment wages; knowingly misrepresenting the nature of student loan obligations to students and the likelihood of finding employment with an employer to pay off the student loan obligation; knowingly misrepresenting the nature of surety agreements to co-signors on student loan obligations; knowingly misrepresenting students' individual income, financial information and other qualifications to third party creditors and investors who relied on said false information in making business decisions and purchasing FCS student loan obligations; making payments on behalf of former students to conceal the default rate of their student loan performance; thereby directly and proximately causing damage to the goodwill and reputation of the corporation, and incurring substantial debts for which FCS is liable.

30. The foregoing acts and omissions by the Defendants constitute breaches of their fiduciary duties of care, as such was not conducted in good faith; on an informed basis; nor in a manner that could reasonably believed to be in the best interests of FCS.

## COUNT IV- FRAUDULENT CONVEYANCES
## KRS §§ 378.020, 378.050

31.  Plaintiff hereby incorporates by reference paragraphs 1 through 30 above as if set forth fully herein.

32.  On or about January 15, 2002, the Defendants, Capital Steel Ventures, Inc., Gerald M. Woodcox, Jeffrey A. Woodcox, Robert Beasley, Joe Filar, Dean Jenkins, John Newton, Charles Nichols, David Paine, Leo Bogard, Joe Peters, Mark Vogt and John Newton, in their capacities as officers and/or directors of FCS, sold $28,931,050.00 of Franklin Career Services, Inc. stock to investor Leeds Equity Partners, III, and distributed $19,967,527.34 in proceeds derived therefrom to Capital Steel Ventures, Inc., themselves, family members and friends, on the following dates, in the following order, and to the following persons:

January 16, 2002:

$2,500,000.00 to Hugh Berry;

$2,500,000.00 to Robert Beasley; (of which, $250,000 was returned 9/5/02)

$312,500.00 to Joe Filar;

$937,500.00 to Dean Jenkins;

$1,250,000 to John Newton;

$1,250,000 to Charles Nichols, (of which, $100,000.00 was re-deposited)

$1,250,000 to David Paine,

$100,000.00 as a loan to Leo Bogard;

January 18, 2002:

$500,000 to Joe Peters;

$113,275.00 for the purchase of a house in the name of CSV

$500,000.00 to Joe Peters.

$548,790.00 to Kerry Woodcox

$523,200.00 to Vicki Woodcox

$1,500,000.00 to Mark Vogt (of which, $1,250,000.00 was returned on 1/24/02)

January 21, 2002:

$1,218.00 to Travel Agents International for a vacation for Jeff and Kerry Woodcox

$632.35 to Kerry Woodcox for auto lease

January 24, 2002:

$45,000.00 to Paul Woodcox.

$4,908.00 to Westport Yacht Sales for the benefit of Jeff Woodcox

January 25, 2002:

$1,392.55 to B. Hendrick for mortgage payment

January 30, 2007:

$4,000.00 to Jerry Woodcox

$4,000.00 to Jeffrey Woodcox

January 31, 2002:

$16,000.00 to Jeff Woodcox for purchase of cars as gifts to relatives

February 1, 2002:

$15,995.00 to Sherry McLaughlin

February 4, 2002:

$60,000 to Jeffrey Woodcox

February 6, 2002:

$858.46 to Vicki Woodcox for auto lease

$20,000.00 to Shelley Masse

$26,294.63 to Jimmy Houston Marine for Jeff Woodcox

$10,000.00 to Mark Vogt

February 11, 2002:

$16,500.00 to Sam Swope for vehicles for Jerry Woodcox, Jeff Woodcox, and Paul Woodcox.

February 15, 2002:

$4,000.00 to Jerry Woodcox

$4,000.00 to Jeffrey Woodcox

February 19, 2002:

$632.25 for Kerry Woodcox's auto lease

February 20, 2002:

$600.00 to Paul Woodcox

February 21, 2002:

$282,500.00 to Westport Shipyard for the purchase of a boat for Jeff Woodcox

February 27, 2002

$100,000.00 to Jeff Woodcox

March 7, 2007

$2,450,000.00 to Alley Maass, Rogers for purchase of a yacht named the "Impetutous", a yacht owned by Jerry and Jeff Woodcox (for which, $1,042,500.00 was repaid 4/17/02)

$150,000.00 to Jeffrey Woodcox

March 8, 2007

$2,500.00 to Alley, Maass, Rogers toward payment on "Toys III" for Jerry and/or Jeffrey Woodcox.

$10,000.00 to Westport Shipyard for payment on "Toys III"

March 8, 2002

$2,500.00 to Alley, Maas, Rogers for "Toys III"

$10,000.00 to Westport Shipyard for "Toys III"

March 11, 2002:

$400.00 to Paul Woodcox

$2,288.00 to Jerry Woodcox for personal credit card purchases

$890.46 to Fifth Third Bank for Vicki Woodcox's auto lease.

March 20, 2002:

$632.45 for Kerry Woodcox's auto lease.

March 22, 2002:

$8,012.04 to Jeffrey Woodcox for personal credit card purchases

March 26, 2002:

$20,000.00 to Jeffrey Woodcox

March 28, 2002:

$1,200.00 to Paul Woodcox

April 5, 2002:

$820.46 for Vicki Woodcox's auto lease

April 9, 2002:

$1,000,000.00 to Gerald Woodcox

April 12, 2002:

$11,347.82 to Mark Vogt for credit card purchases

April 15, 2002:

$1,137,000.00 to Vicki Woodcox

April 17, 2002:

$500.00 to Paul Woodcox

April 18, 2002:

$20,000.00 to Jeffrey and Kerry Woodcox

$3,202.71 to Mike Mobley for credit card purchases

$5,880.00 to Jeffrey Woodcox for service charges on "Toys III"

April 22, 2002:

$5,478.40 to Jeffrey Woodcox for credit card purchases

April 25, 2007:

$1,000.00 to Paul Woodcox

April 29, 2002:

$1,000.00 to Paul Woodcox

May 6, 2002:

$1,000.00 to Paul Woodcox

May 7, 2002:

$820.46 for Vicki Woodcox's auto lease

May 13, 2002:

$1,000.00 to John O'Malley for Paul Woodcox

$200.00 to Paul Woodcox

May 14, 2002:

$9,838.23 to Mark Vogt for credit card purchases

May 17, 2002:

$3,071.26 to Mike Mobley for credit card purchases

May 24, 2002:

$200.00 to Paul Woodcox

May 30, 2002:

$2,000.00 to John O'Malley for Paul Woodcox

$19,744.56 to Bank of America for "Toys III"

June 15, 2002:

$4,000.00 to Jerry Woodcox

$4,000.00 to Jeffrey Woodcox

June 18, 2002:

$15,000.00 to Jeffrey and Kerry Woodcox

June 24, 2002:

$2,550.00 to Elizabeth Woodcox

June 28, 2002:

$4,000.00 to Jerry Woodcox

$4,000.00 to Jeffrey Woodcox

July 2, 2002:

$20,000 to Jeffrey Woodcox

$7,692.32 to Marshall and Harris for contract labor for "Toys III"

$18,549.70 to Bank of America for "Toys III"

July 15, 2002:

$4,000.00 to Jerry Woodcox

$4,000.00 to Jeffrey Woodcox

$2,692.31 to Marshall management for services to "Toys III"

July 23, 2002:

$10,000.00 to Jeffrey and Kerry Woodcox

July 25, 2002:

$4,000.00 to Jerry Woodcox

$4,000.00 to Jeffrey Woodcox

$19,197.19 to Bank of America for payment on "Toys III"

$7,962.72 to Jeffrey Woodcox for payment of "Toys III"

August 6, 2002:

$1,787.38 to Jerry Woodcox for personal credit card purchases

$10,000.00 to Jeffrey and Kerry Woodcox

August 9, 2002:

$2,692.31 to Marshall Management for services to "Toys III"

August 12, 2002:

$5,361.53 to Brewer Capri Marina for repairs to "Toys III"

$2,887.10 to Mark Vogt for credit card purchases

August 15, 2002:

$4,000.00 to Jerry Woodcox

$4,00.00 to Jeffrey Woodcox

$10,000.00 to Jeffrey and Kerry Woodcox

August 19, 2002:

$7,921.30 to Jeffrey Woodcox for credit card purchases

August 22, 2002:

$11,000.00 to Jeffrey Woodcox

$9,532.78 to Jeffrey Woodcox for "Toys III"

August 27, 2002

$10,000.00 to Shelley Massa for Jerry Woodcox

$2,803.73 to Jerry Woodcox for credit card purchases

August 30, 2002:

$4,000.00 to Jerry Woodcox

$4,000.00 to Jeffrey Woodcox

September 3, 2002:

$10,000.00 to Jeffrey Woodcox

September 5, 2002:

$820.46 to Vicki Woodcox for auto lease payment

$19,049.00 to Alliance Marine for insurance premium for "Toys III"

$19,572.67 to Bank of America for payment on "Toys III"

$5,000 to Jeffrey Woodcox for "Toys III"

$2,692.31 to Marshall Marine Management for "Toys III"

September 10, 2002:

$8,589.81 to Mark Vogt for credit card purchases

September 12, 2002:

$10,000.00 to Jeffrey Woodcox.

$10,000.00 to Jeffrey and Kerry Woodcox

September 13, 2002:

$4,000.00 to Jeffrey Woodcox

$4,000.00 to Jerry Woodcox

$5,305.47 to Jeffrey Woodcox for credit card purchases

September 26, 2002:

$16,221.72 to US Bank for credit card purchases for "Toys III"

September 27, 2002:

$18,408.21 to Jeffrey and/or Jerry Woodcox for "Toys III"

$4,000.00 to Jerry Woodcox

$4,000.00 to Jeffrey Woodcox

October 1, 2002:

$1,500.00 to Elizabeth Woodcox

$10,000.00 to Jeffrey Woodcox

October 3, 2002:

$1,346.15 to Michelle Mestier for labor as a "stewart" on "Toys III"

$2,692.31 to Marshall Marine Mgt. for labor as "captain" on "Toys III"

October 14, 2002:

$3,502.57 to Jeffrey Woodcox

$4,000.00 to Jeffrey Woodcox

$4,000.00 to Jerry Woodcox

$12,270.64 to Mark Vogt for credit card purchases

October 16, 2002:

$86,000.00 to Vicki Woodcox

October 18, 2002:

$2,692.31 to Marshall Marine Mgt. for labor on "Toys III"

$1,615.38 to Michelle Mestier for labor on "Toys III"

October 24, 2002:

$3,500.00 to Jeffrey and Kerry Woodcox

October 31, 2002:

$4,000.00 to Jerry Woodcox

$4,000.00 to Jeffrey Woodcox

November 4, 2002:

$10,000.00 to Jeffrey Woodcox

$1,615.98 to Michelle Mestier for labor on "Toys III"

$2,692.31 to Marshall Marine Management for labor on "Toys III"

November 5, 2002:

$820.46 to Fifth Third Auto Lease for Vicki Woodcox's auto lease

November 15, 2002:

$9,701.15 to Mark Vogt for credit card purchases

$4,000.00 to Jerry Woodcox

$4,000.00 to Jeffrey Woodcox

$1,615.38 to Michelle Mestier for labor on "Toys III"

$2,692.31 to Marshall Marine Management for labor on "Toys III"

$10,000.00 to Jeffrey Woodcox

November 21, 2002:

$5,000.00 to Jeffrey Woodcox

November 26, 2002:

$9,431.14 to Jeffrey Woodcox for credit card expenses related to "Toys III"

<u>November 27, 2002</u>:

$4,000.00 to Jeffrey Woodcox

$4,000.00 to Jerry Woodcox

<u>December 3, 2002</u>:

$10,000.00 to Jeffrey Woodcox

<u>December 9, 2002</u>:

$2,881.76 to Jerry Woodcox for credit card purchases

$13,049.65 to Jeffrey Woodcox for credit card purchases

$18,858.89 to Bank of America for payment of "Toys III"

$820.46 to Vicki Woodcox for auto lease payment

<u>December 12, 2002</u>:

$2,692.31 to Marshall Marine Management for "Toys III"

$1,615.38 to Michelle Mestier for "Toys III"

$4,000.00 to Jeffrey Woodcox

$4,000.00 to Jerry Woodcox

<u>December 17, 2002</u>:

$10,000 to Marshall Marine for "Toys III"

<u>December 20, 2002</u>:

$8,000.00 to Jeffrey Woodcox

$5,000.00 to Joe Filar

<u>December 27, 2002</u>:

$2,692.31 to Marshall Marine Management for "Toys III"

$1,615.38 to Michelle Mestier for "Toys III"

<u>December 30, 2002</u>:

       $4,000.00 to Jeffrey Woodcox

       $4,000.00 to Jerry Woodcox

       $10,000.00 to Jeffrey Woodcox

33.  The foregoing list of transfers occurred within five (5) years prior to the commencement of the Chapter 7 case, and were transfers of property without valuable consideration, or spurious loans of a period lasting more than five (5) years without demand made, or pursued by due process of law.

### COUNT V – PREFERENTIAL TRANSFERS
### 11 USC § 547

34.  Plaintiff hereby incorporates by reference paragraphs 1 through 33 above as if set forth fully herein.

35.  On or about April 22, 2005, Defendants Gerald and Jeffrey Woodcox deposited a check drawn on a FCS corporate account in the amount of $200,000.00 into an account for Defendant Capital Steel Ventures, Inc. which was distributed as indefinite loans, personal income or for personal expenses.

36.  On or about August 5, 2005, Defendants Jeffrey and Kerry Woodcox caused a wire transfer in the amount of $20,000.00 to be made from a FCS corporate account to their Capital Steel Ventures, Inc. account, of which $19,000.00 was immediately transferred to their personal account at Fifth Third Bank.

37.  On or about August 19, 2005, Defendants Jerry and Jeffrey Woodcox caused a wire transfer in the amount of $30,000.00 to be transferred from a FCS corporate account to their

Capital Steel Ventures, Inc. account, which was distributed as personal income or for personal expenses.

38.  On or about August 19, 2005, Defendants Jeffrey and Kerry Woodcox caused a wire transfer in the amount of $5,000.00 to be made from a FCS corporate account to their Capital Steel Ventures, Inc. account, which was immediately transferred to their personal account at Fifth Third Bank.

39.  On or about August 25, 2005, Defendants Jeffrey and Kerry Woodcox caused a wire transfer in the amount of $20,000.00 to be made from a FCS corporate account to their Capital Steel Ventures, Inc. account, which was immediately transferred to their personal account at Fifth Third Bank.

40.  On or about September 1, 2005, Defendants Jerry and Jeffrey Woodcox caused a wire transfer in the amount of $17,000.00 to be transferred from a FCS corporate account to their Capital Steel Ventures, Inc. account, which was distributed as personal income or for personal expenses.

41.  On or about September 6, 2005, Defendants Jerry and Jeffrey Woodcox caused a wire transfer in the amount of $3,500.00 to be transferred from a FCS corporate account to their Capital Steel Ventures, Inc. account, which was distributed as personal income or for personal expenses.

42.  On or about September 8, 2005, Defendants Jerry and Jeffrey Woodcox caused a wire transfer in the amount of $10,000.00 to be transferred from a FCS corporate account to their Capital Steel Ventures, Inc. account, which was distributed as personal income or for personal expenses.

43.  On or about September 20, 2005, Defendants Jerry and Jeffrey Woodcox caused a wire transfer in the amount of $20,000.00 to be transferred from a FCS corporate account to their Capital Steel Ventures, Inc. account, which was distributed as personal income or for personal expenses.

44.  On or about September 21, 2005, Defendants Jerry and Jeffrey Woodcox caused a wire transfer in the amount of $1,200.00 to be transferred from a FCS corporate account to their Capital Steel Ventures, Inc. account, which was distributed as personal income or for personal expenses.

45.  On or about September 23, 2005, Defendants Jerry and Jeffrey Woodcox caused a wire transfer in the amount of $20,000.00 to be transferred from a FCS corporate account to their Capital Steel Ventures, Inc. account, which was distributed as personal income or for personal expenses.

46.  On or about September 27, 2005, Defendants Jeffrey and Kerry Woodcox caused a wire transfer in the amount of $5,000.00 to be made from a FCS corporate account to their Capital Steel Ventures, Inc. account, which was immediately transferred to their personal account at Fifth Third Bank.

47.  On or about September 29, 2005, Defendants Jerry and Jeffrey Woodcox caused a wire transfer in the amount of $25,000.00 to be transferred from a FCS corporate account to their Capital Steel Ventures, Inc. account, which was distributed as personal income or for personal expenses.

48.  On or about September 30, 2005, Defendants Jerry and Jeffrey Woodcox caused a wire transfer in the amount of $10,000.00 to be transferred from a FCS corporate account to their

Capital Steel Ventures, Inc. account, which was distributed as personal income or for personal expenses.

49.  On or about October 7, 2005, Defendants Jeffrey and Kerry Woodcox caused a wire transfer in the amount of $25,000.00 to be made from a FCS corporate account to their Capital Steel Ventures, Inc. account, of which $10,000.00 was immediately transferred to their personal account at Fifth Third Bank.

50.  On or about October 13, 2005, Defendants Jerry and Jeffrey Woodcox caused a wire transfer of $15,000.00 to be made from a FCS corporate account to their account at Capital Steel Ventures, Inc., which was distributed as personal income or for personal expenses.

51.  On or about October 22, 2005, Defendants Jerry and Jeffrey Woodcox caused a wire transfer in the amount of $8,500.00 to be transferred from a FCS corporate account to their account at Capital Steel Ventures, Inc. which was distributed as personal income or for personal expenses.

52.  On or about November 2, 2005, Defendants Jerry and Jeffrey Woodcox caused a wire transfer in the amount of $25,000.00 to be made from a FCS corporate account to their account at Capital Steel Ventures, Inc., which was used to retain legal counsel for Capital Steel Ventures, Inc.'s bankruptcy filing.

53.  On or about November 2, 2005, Defendant Michael Mobley wrote a check to himself in the amount of $32, 250.00 on a corporate account of FCS.

54.  On or about November 3, 2005, Defendant Kerry Woodcox caused a wire transfer in the amount of $9,000.00 to be made from a FCS corporate account to a Capital Steel Ventures, Inc. account, which was immediately transferred to her personal account at Commonwealth Bank.

55.  On or about November 8, 2005, Defendants Jerry and Jeffrey Woodcox caused a wire transfer in the amount of $3,100.00 to be transferred from a FCS corporate account to their account at Capital Steel Ventures, Inc. which was distributed as personal income or for personal expenses.

56.  On or about November 8, 2005, Defendants Jerry and Jeffrey Woodcox caused a wire transfer in the amount of $19,250.00 to be transferred from a FCS corporate account to their account at Capital Steel Ventures, Inc. which was distributed as personal income or for personal expenses.

57.  On or about November 14, 2005, Defendants Jerry and Jeffrey Woodcox caused a wire transfer in the amount of $50,000.00 to be made from a FCS corporate account to their account at Capital Steel Ventures, Inc., which was used to retain or pay legal counsel for Capital Steel Ventures, Inc.

58.  On or about November 15, 2005, Defendant Kerry Woodcox caused a wire transfer in the amount of $11,000.00 to be made from a FCS corporate account to a Capital Steel Ventures, Inc. account, of which $6,000.00 was immediately transferred to her personal account at Commonwealth Bank.

59.  On or about November 22, 2005, Defendants Jerry and Jeffrey Woodcox caused a wire transfer in the amount of $10,000.00 to be transferred from a FCS corporate account to their account at Capital Steel Ventures, Inc. which was distributed as personal income or for personal expenses.

60.  On or about November 29, 2005, Defendants Jerry and Jeffrey Woodcox caused a wire transfer in the amount of $1,000.00 to be transferred from a FCS corporate account to their

account at Capital Steel Ventures, Inc. which was distributed as personal income or for personal expenses.

61. On or about December 20, 2005, Defendants Jerry and Jeffrey Woodcox caused a wire transfer in the amount of $5,945.98 to be transferred from a FCS corporate account to Capital Steel Ventures, Inc., which was immediately distributed as personal income or for personal expenses.

62. On or about December 30, 2005, the Defendant David B. Paine wrote a check to himself in the amount of $17,876.91 on a corporate account of FCS.

63. The foregoing transfers occurred one (1) year prior to the commencement of the Chapter 7 case, the Defendants, Capital Steel Ventures, Inc., Gerald ("Jerry") Woodcox, Jeffrey Woodcox, Michael Mobley and David B. Paine, transferred FCS money to the benefit of preferred creditors and other individuals, for or on account of an antecedent debt, made while FCS was insolvent, that enabled preferred creditors and other individuals to receive more than they would have received from a distribution by the Estate than if the transfers had not been made.

## COUNT VI - BREACH OF FIDUCIARY DUTY OF LOYALTY
## KRS § 271B.8-310

64. Plaintiff hereby incorporates by reference paragraphs 1 through 63 above as if set forth fully herein.

65. Defendants Capital Steel Ventures, Inc., Gerald M. Woodcox, Jeffrey A. Woodcox, Robert Beasley, Joe Filar, Dean Jenkins, Charles Nichols, David Paine, Leo Bogard, Joe Peters, Mark Vogt, and John Newton, in their capacities as officers and/or directors of FCS, owed a duty of loyalty to the corporation.

66.  The aforementioned acts or omissions by the Defendants constitute breaches of their fiduciary duty of loyalty; to wit,  failure to seek board approval from a majority of disinterested directors, failure to seek approval from a majority of disinterested shareholders, engaging FCS in business transactions that were inherently unfair to the financial condition of FCS, diversion of corporate assets to personal use and enjoyment, usurpation of corporate opportunity for personal advantage, entering into self-dealing transactions such as indefinite loans with directors, and making wasteful distributions and/or payments for executive compensation.

## COUNT VII – UNLAWFUL DISTRIBUTIONS
### KRS §§ 271B.6-400, 271B.8-330

67.  Plaintiff hereby incorporates by reference paragraphs 1 through 66 above as if set forth fully herein.

68.  Defendants Capital Steel Ventures, Inc., Gerald M. Woodcox, Jeffrey A. Woodcox, Hugh Berry, Robert Beasley, Joe Filar, Dean Jenkins, Charles Nichols, David Paine, Leo Bogard, Joe Peters, Mark Vogt, and John Newton, in their capacities as officers and/or directors of FCS, owed a duty to the corporation, creditors and other parties to not distribute corporate assets when the corporation was insolvent and/or unable to pay its debts when they became due.

69.  Defendants breached their duty to not make unlawful distributions, and distributed assets when the corporation was insolvent and/or unable to pay its debts when they became due.

## COUNT VIII – CORPORATE WASTE

70.  Plaintiff hereby incorporates by reference paragraphs 1 through 69 above as if set forth fully herein.

71.  Defendants Capital Steel Ventures, Inc., Gerald M. Woodcox, Jeffrey A. Woodcox, Hugh Berry, Robert Beasley, Joe Filar, Dean Jenkins, Charles Nichols, David Paine, Leo

Bogard, Joe Peters, Mark Vogt, and John Newton, in their capacities as officers and/or directors of FCS, owed a duty to FCS to not waste corporate assets belonging to FCS.

72. The foregoing transfers constitute waste of corporate assets, as they bear no relationship to the value of services or goods to the Debtor corporation, FCS.

73. The aforesaid waste of corporate assets caused damage to the financial condition of the Debtor equal to the dollar amounts transferred.

**WHEREFORE** the Plaintiff prays this honorable court to enter judgment awarding the following relief:

1. Disregard of any and all corporate entities necessary for preserving and protecting property of the estate

2. Avoid and return of any and all personal property unlawfully transferred, or its equivalent monetary value to the estate.

3. Monetary damages against all responsible parties.

4. Reasonable attorneys fees.

5. Any and all other equitable relief as may be appropriate.

Respectfully submitted:

*/s/ John R. Wilson*
John R. Wilson, Trustee
Michael R. Wilson
RUCK, WILSON, HELLINE & BROCKMAN, PLLC
6008 Brownsboro Park Blvd.
Suite A
Louisville, KY 40207
*Counsel for Plaintiff*